OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant Beverly Bungard-Smith appeals the decision of the Mahoning County Court of Common Pleas granting a verdict in favor of Appellee United Services Automobile Association.
 {¶ 2} With this appeal Bungard-Smith claims the trial court erred by not allowing her to try the case as one sounding in contract and by failing to allow her to present either evidence of her insurance policy or prior recovery from the tortfeasor. This court cannot properly rule upon that assignment of error as Bungard-Smith has failed to provide this court with a copy of the trial transcript. Accordingly, we affirm the decision of the trial court.
 {¶ 3} This case stems from an auto accident occurring on December 17, 1997 where Todd Peterson hit Bungard-Smith's vehicle from behind with his vehicle. Bungard-Smith filed suit against Peterson and the case was settled for his insurance policy limit of $12,500. Bungard-Smith then proceeded to file a UM/UIM suit against her own insurance company, USAA, for the remaining damages. A trial on damages was conducted but the jury returned with a zero dollar award. With this timely appeal, Bungard-Smith now claims the verdict was a product of the trial being conducted solely on damages as opposed to one sounding in contract.
 {¶ 4} As her sole assignment of error, along with five issues presented for review, Bungard-Smith asserts:
 {¶ 5} "The trial court abused its discretion when it determined that this case would be tried like a personal injury action, and not the contract action it really is.
 {¶ 6} A. The Ohio Supreme Court has a well-established definition for "underinsured motorist coverage," and that definition lends itself to the claim that this case should have been tried in contract, not tort.
 {¶ 7} B. The Rules of Evidence support the introduction of insurance information. {¶ 8} C. To try an underinsured motorist claim in any manner other than as a contract action is to perpetuate a sham.
 {¶ 9} D. This Court's prior ruling on admissibility of an underinsured motorist policy favors admission of the policy information here.
 {¶ 10} E. There should be uniformity in these cases. Trial procedure for a UIM case should not be left to each individual judge's discretion."
 {¶ 11} Essentially, what Bungard-Smith appears to be arguing is that she should have been permitted to introduce evidence as to the existence and amount of her own insurance coverage in addition to evidence of compensation she had received from the tortfeasor. Bungard-Smith maintains the position that this case is one sounding in contract rather than tort despite the fact that her insurer did not deny her coverage in this case.
 {¶ 12} All of this appears to be irrelevant, however, as Bungard-Smith has failed to provide this court with a transcript of the trial. Although Bungard-Smith has supplied this court with the transcript of motions argued prior to trial, closing arguments, and instructions to the jury, these are meaningless without proof that she was actually prevented at trial from proffering the evidence in dispute.
 {¶ 13} "It is well settled that appellant has the duty to demonstrate error on appeal and must provide a record which exemplifies that claimed error." Tyrrell v. Investment Assoc.,Inc. (1984), 16 Ohio App.3d 47. This is true because "appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Koruschak v. Smortrilla (July 16, 2001), 7th Dist. No. 99 CA 320, p. 1, quoting Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. See also, State v. Gross, 7th Dist. No. 01 CA 115, 2002-Ohio-3465, at p. 14, footnote 1.
 {¶ 14} Because Bungard-Smith has failed to provide a complete transcript to this court on appeal, we must presume the validity of the trial court's judgment. Accordingly, her sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.